CONKLIN v. LANE, Secretary of the Interior.

(Court of Appeals of District of Columbia. Submitted April 4, 1919. Decided May 5, 1919.)

No. 3228.

1. PUBLIC LANDS ⬅106(1)—PROCEEDINGS OF DEPARTMENT—GROUND OF DECISION—APPEAL.

Where plaintiff claimed a deceased soldier's additional homestead right under Rev. St. §§ 2306, 2307 (Comp. St. §§ 4594, 4602), had been conveyed to him by the guardian of the soldier's alleged grandchildren, the Department of the Interior is not precluded from denying that its records established the descent of the alleged grandchildren from the soldier by fact that it had rejected the claim on other grounds.

2. DESCENT AND DISTRIBUTION ⬅71(6)—SOLDIER'S ADDITIONAL HOMESTEAD—EVIDENCE OF RELATIONSHIP.

Where plaintiff claimed a deceased soldier's additional homestead right under a conveyance from a guardian of the soldier's alleged grandchildren, an abandoned pension application by the soldier's alleged son has no probative value in establishing the applicant's relationship to the soldier.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. Public Lands ⊙⇒41—Soldier's Additional Homestead Right—Evidence.

Assuming that a soldier's additional homestead right under Rev. St. §§ 2306, 2307 (Comp. St. §§ 4594, 4602), is so clearly descendible that a ruling by the Department of the Interior to the contrary amounts to arbitrary action, controllable by injunction or mandamus, plaintiff must first establish in the Interior Department that the persons he claims under are the soldier's descendants.

Appeal from the Supreme Court of the District of Columbia.

Bill by Percy L. Conklin against Franklin K. Lane, Secretary of the Interior. From a decree dismissing the bill, plaintiff appeals. Affirmed and remanded.

E. Hilton Jackson and S. S. Ashbaugh, both of Washington, D. C., for appellant.

Charles D. Mahaffie and C. Edward Wright, both of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District, after hearing on bill and answer, dismissing appellant's bill.

John W. Miller qualified under section 2306, R. S. (Comp. St. § 4594), to enter 78.60 acres of land as an additional homestead right. He died a widower, without having exercised the right, whereupon it was sold as an asset of his estate and a patent issued thereon.

The bill alleges:

"That as shown of record at the date of the death of the said John W. Miller, as aforesaid, he left surviving him one and only minor orphan child, Fred Douglas Miller."

It is further alleged:

"That petitioner derived his title from the heirs at law of Fred Douglas Miller, who, as shown by records of the Interior Department, died in the city of St. Louis, Mo., while domiciled in St. Louis county, Mo., in 1908, leaving a widow and minor children, which minor children are still minors, and whose rights were transferred to petitioners by mesne conveyances from the guardian duly appointed by probate court of Cook county, state of Illinois;" that Fred Douglas Miller at one time filed a claim for pension as a minor child of John W. Miller, which claim is still on file in the Interior Department.

In his answer the Secretary—

"says that there is no evidence in the records of the Interior Department sufficient to show that Fred Douglas Miller was the son of John W. Miller, the soldier, that he was ever married to the said Stella Svelich, that he ever had any children, that if he had, that the same are alive, and that if he had, that the said Stella Svelich is their duly appointed guardian or was ever authorized by any court to execute an assignment to any one of the right made which plaintiff claims. He admits that, as hereafter more fully stated, one Fred Douglas Miller filed a claim for pension as the minor child of John W. Miller, and says that the said claim is still on file in the Pension Bureau as an abandoned claim."

[1, 2] The basis of the foregoing averments in the bill as to the records in the Interior Department is a decision of an Assistant Secretary, on appeal from the decision of the General Land Office in

this case, in which it was ruled that, John W. Miller having died a widower and no application for a patent having been made for more than 30 years thereafter, "obviously he could have had no minor children at that time," and hence that no rights accrued under section 2307, R. S. (Comp. St. § 4602). In other words, the facts were assumed to be as contended by appellant, but deemed immaterial under the then view of the Department. The Secretary now says that the records of the Department, relied upon by appellant, are not sufficient to establish the essential facts. It does not follow that, because the Department did not deem it necessary in deciding the case to challenge the averments of fact, the question may not be raised now. In view of the averments in the answer, it must be assumed that a real doubt is entertained in the Department as to the facts. By relying solely upon what was before the Department, appellant now is left with unsupported allegations, traversed by the Secretary's answer. Of course, the abandoned pension application has no probative evidential value.

[3] We therefore do not deem further consideration of the case necessary, for first of all it was incumbent upon appellant to establish in the Interior Department the material facts upon which he relied. Should we rule that the right of a deceased soldier's "minor orphan children," under section 2307 R. S., is so clearly descendible that the Department's ruling to the contrary amounted to arbitrary action, and hence is controllable by injunction or mandamus (Ness v. Fisher, 223 U. S. 683, 32 Sup. Ct. 356, 56 L. Ed. 610), there would yet remain unsolved the fundamental question as to the identity of Fred Douglas Miller and his heirs.

The decree is affirmed, with costs, and the cause remanded.

Affirmed and remanded.